STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                       DOCKET NO. RE-07-07
                                                PAT - YOR- 2'/

CHASE HOME FINANCE, LLC,

          Plaintiff

     v.                                   **ORDER AND DECISION**

JOHN H. HIGGINS and
VALARIE A. HIGGINS,

          Defendants


Following remand from the Law Court in *Chase Home Finance, LLC. v. Higgins*, 2009 ME 136, (December 31, 2009) a non-jury hearing was held. The parties entered stipulated exhibits and prepared two separate sets of stipulated evidence. Brief supplemental testimony was also provided.

In its decision of December 31, 2009 the Law Court found that there were two issues still in dispute. How much was owed on the note and was there a properly served notice of default and right to cure. Stipulated Exhibit 10 establishes the amount owed as of August 17, 2010 along with a *per diem* interest amount. The amount owed is no longer in dispute.

The sole remaining issue involves the statutory requirements of notice of a mortgagor's right to cure found at 14 M.R.S.A. §6111 as it existed prior to the 2009 amendments found at P.L. 2009, C. 402 effective June 15, 2009.

The version of Section 6111 in effect during the relevant times in this case reads,

> With respect to mortgages upon residential property located in this State when the mortgagor is occupying all or a portion of the property as the

mortgagor's primary residence and the mortgage secures a loan for personal, family or household use, the mortgagee may not accelerate maturity of the unpaid balance of the obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any required payment, tax payment or insurance premium payment, by any method authorized by this chapter until at least 30 days after the date that written notice is given by the mortgagee to the mortgagor and any cosigner against whom the mortgagee is enforcing the obligation secured by the mortgage at the last known addresses of the mortgagor and any cosigner that the mortgagor has the right to cure the default by full payment of all amounts that are due without acceleration, including reasonable interest and late charges specified in the mortgage or note as well as reasonable attorney's fees. If the mortgagor tenders payment of the amounts before the date specified in the notice, the mortgagor is restored to all rights under the mortgage deed as though the default had not occurred.

See 14 M.R.S.A. §6111.

An exception was found at 14 M.R.S.A. §6111(5)(B) which then read,

A mortgage that contains a requirement that a reinstatement notice, a notice of right to cure or an equivalent notice be given to the mortgagor at least 30 days prior to accelerating the maturity of the unpaid balance of the obligation or otherwise enforcing the mortgage against the mortgagor, if the mortgagee gives such a notice to the mortgagor and to any cosigner against whom the mortgagee seeks to enforce the obligation secured by the mortgage.

There are three sets of notices which might meet the statutory requirements. Each of the defendants would receive his or her own copy of the notice. The parties agreed at the hearing that the separate notices to each defendant of December 15, 2006, see Stipulated Exhibit 5, do not meet the statutory requirements. There were also notices to accelerate "... calling the entire loan balance due and payable ..." of March 1, 2007, see Stipulated Exhibit 6 and notices of delinquency and right to cure of March 20, 2007. See Stipulated Exhibit 7.

The defendants filed a second motion *in limine* to preclude plaintiff from claiming that the March 20, 2007 notice is proper based on judicial estoppel. That motion alleges that the plaintiff having relied on the December 15, 2006 as meeting the

2

statutory requirements cannot now claim that the March 20, 2007 notices are the ones that count. The complaint in paragraph 5 only claims that notice was given but does not mention a specific notice. The affidavit of a Beth Cottrell, an assistant secretary of the plaintiff, indicates in paragraph 6 that the plaintiff was relying on the March 20, 2007 notices which were attached as Exhibit 2 to her affidavit. In its reply memorandum of law on the summary judgment motion the plaintiff relied on the March 20, 2007 notices and added as an aside the fact that there had also been notices to cure dated December 15, 2006. See ¶8 of separate affidavit of a Thomas E. Reardon, an assistant vice president.

I find that Chase was consistent in claiming that the March 20, 2007 notices are to be relied upon. The defendants' second motion *in limine* is denied.

The next issue is whether the March 1, 2007 notice of acceleration and the March 20, 2007 notice of delinquency when put together violate 14 M.R.S.A. §6111. The notice of March 20, 2007 is not a premature acceleration of the mortgage. The filing of a complaint with the District Court did not occur until May 25, 2007 well after the expiration of any 30-day period imposed either by statute or mortgage based on any of the March 2007 notices. The March 20, 2007 notices are fully proper.

While the March 1, 2007 notices called the entire loan balance due and payable the March 20, 2007 notices listed a much modest delinquency and gave the defendants thirty days to get caught up. Suit was brought well after that thirty-day period expired.

The final issue is whether the required written notice under either 14 M.R.S.A. §6111(1) or 14 M.R.S.A. §6111(5)(B) was given by the "mortgagee". In *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79 ¶11 (August 12, 2010), the Law Court construed the word "mortgagee", in the context of 14 M.R.S.A. §6321, as "'[o]ne to whom property is mortgaged,' meaning a 'mortgage creditor, or lender.'

3

Black's Law Dictionary 1104 (9th Ed. 2009). In other words, a mortgagee is a party that is entitled to enforce the *debt obligation* that is secured by a mortgage." In note 3, at end of the above quote, the Law Court stated, "We do not address the situation where the mortgage and note are truly held by different parties."

On July 30, 2003 the defendants signed a note for $250,000 payable to Wachovia Mortgage Corporation. At the bottom of page 3 of that note an assistant vice president of Wachovia signed a blank stamped entry "Pay to the Order of ... Without Recourse Wachovia Mortgage Corporation." See Stipulated Exhibit 1. A mortgage was signed on the same day payable to Wachovia Mortgage Corporation designating the Mortgage Electronics Registration Systems, Inc. (MERS) as nominee. See Stipulated Exhibit 2. However, the defendants signed a loan modification agreement effective July 1, 2006 with the plaintiff Chase Home Finance, LLC which amended and supplemented the note and mortgage with Wachovia. This loan modification agreement increased the amount of the note, changed the maturity date, and reaffirmed the interest rate. Future payments were to be made to and dealings were to be with Chase and not Wachovia.

When the March 20, 2007 notices were sent Chase was the lender, under the note, but not yet the mortgagee, under the mortgage. Chase did not receive an assignment of the mortgage from MERS, as nominee for Wachovia, until May 31, 2007 shortly after suit was filed. See Stipulated Exhibit 4.

The defendants have argued that this case must be dismissed as the notices of default and right to cure did not come from the "mortgagee". This argument is rejected for three reasons.

First, Chase was entitled to enforce the debt obligation, the note, that was secured by the mortgage. Chase was entitled to receive payments and the defendants

4

expected to deal with Chase not Wachovia. The plaintiff had a "personal stake in the controversy." *Saunders* ¶7.

Second, while the defendants asserted the affirmative defenses of failure to comply with 14 M.R.S.A. §6111 and that the plaintiff was not the proper party plaintiff in their answer, they did not previously raise before this Court or the Law Court the argument that Chase, as the lender but not mortgage holder at the time the notices to cure were sent, was not the "mortgagee" for purposes of 14 M.R.S.A. §6111. The Section 6111 objection actually raised by the defendants was that the plaintiff accelerated their obligations on March 1, 2007 and mailed the notice of default of March 20, 2007 too soon. The statement of issues on appeal did not include the claim that the notices were invalid because Wachovia not Chase was the "mortgagee" on March 20, 2007. That claim was not presented to nor considered by the Law Court in its December 31, 2009 decision.

Lastly, since payments were to be made to Chase under the loan modification agreement it would have been confusing for Wachovia to send a notice as "mortgagee" telling the defendants that they should make payments to Chase.

As the plaintiff has demonstrated that it is entitled to a judgment of foreclosure it shall submit a proposed judgment including documentation supporting its request for attorney's fees. In making its request for attorney's fees it shall not include any fees for either the first appeal to the Law Court, which was premature, or the second appeal where the defendants prevailed. The plaintiff may submit a separate offer of proof stating the attorney's fees for those appeals so that, in the event of an appeal by the defendants, the plaintiff may reserve the issue of attorney's fees on the first two appeals for a potential cross-appeal. The defendants shall have 14 days after receipt of the

5

plaintiff's proposed judgment and supporting documentation to submit their comments concerning the form of or amount of the judgment to the Clerk.

The entry is:

Judgment for the plaintiff. Plaintiff to submit a proposed judgment of foreclosure.

Defendants' second motion *in limine* is denied.

Dated: August 25, 2010

Paul A. Fritzsche
Justice, Superior Court

A TRUE COPY ATTEST

CLERK

PLAINTIFF'S ATTORNEYS
Paul E. Thelin, Esq.
John A. Turcotte, Esq.
AINSWORTH THELIN & RAFTICE, P.A.
PO Box 2412
South Portland, ME    04116-2412
DEFENDANTS ATTORNEYS
Mark A. Kearns, Esq.
LAW OFFICE OF MARK KEARNS
Mark L. Randall, Esq.
RANDALL LAW OFFICE, PA
PO Box 17915
Portland, ME    04112

6